IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ahmad Hosseinipour,            :

    Plaintiff,             :

  v.                           :      Case No. 2:08-cv-1205

State Medical Board            :      JUDGE MARBLEY
of Ohio, et. al.,
                               :
    Defendants.

REPORT AND RECOMMENDATION

    Plaintiff Ahmad Hosseinipour filed this action seeking relief from multiple defendants for various claims alleged to have arisen under the Constitution and laws of the United States. Since Dr. Hosseinipour has moved for leave to proceed *in forma pauperis*, the case is before the Court for an initial screening pursuant to 28 U.S.C. §1915(e)(2). His motion for leave to proceed *in forma pauperis* (#1) is granted. However, for the following reasons, the Court will recommend that the case be dismissed for failure to state a claim on which relief can be granted.

I.

    28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "the court shall dismiss the case if... (B) the action... is frivolous or malicious [or] fails to state a claim on which relief can be granted." "The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved." See Neitzke v. Williams, 409 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which

does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1974 (2007). *Pro se* complaints are to be construed liberally in favor of a *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint will be considered.

II.

Dr. Hosseinipour brings this action against the State Medical Board of Ohio and various employees at Forum Health and its member hospital, Northside Medical Center. Dr. Hosseinipour contracted the human immunodeficiency virus as the result of a needle stick that occurred in 1991 while he was a transitional intern at St. Michael's Medical Center in Newark, New Jersey. He subsequently participated in an internal medicine residency program at the Northside Medical Center in the early 1990's under the auspices of the Youngstown Hospital Association. Dr. Hosseinipour was terminated from the residency program prior to the completion of his third and final year due allegedly to a dispute with his program director. The program director purportedly believed that Dr. Hosseinipour was too critical of his colleagues and suffered from a learning disability when, in fact, he was suffering from major depressive disorder.

In the late 1990's, the Ohio state medical board permanently revoked Dr. Hosseinpour's medical license by reason of mental and physical illness despite the alleged recommendations of the board-appointed psychiatrists to place him on probation and engage in further monitoring prior to revoking his license. Dr. Hosseinipour contends that throughout the revocation proceedings the board relied on a misdiagnosis of negativistic personality

2

disorder rather than evaluating his behavior as possibly secondary to an organic disorder caused by a manifestation of HIV encephalopathy. In 2000, the executive director of the state medical board rejected his petition for reinstatement.  Dr. Hosseinipour previously brought an action against the medical board in the Ohio Court of Claims which, in 2003, resulted in a judgment in favor of the board.  In that same year, the United States District Court in New Jersey dismissed his complaint against St. Michael's Medical Center on the grounds that the applicable statute of limitations had expired.

    Dr. Hosseinipour alleges that the defendants' actions violated the Americans with Disabilities Act.  Dr. Hosseinipour contends that these actions have led to his divorce, the loss of his son, and the loss of potential earnings.  He also alleges that the state medical board formed an alliance with Dr. Eisenberg, whom Dr. Butcher hired as director of the residency program, to deport him despite his status as a U.S. citizen.  According to Dr. Hosseinipour, their principal motivation for doing so was national origin discrimination.  In his prayer for relief, he seeks an order from this Court allowing him to finish his training so he can become board eligible in internal medicine and reinstating his medical license.

### III.

    The Court will first turn to whether Dr. Hosseinipour can state a claim against defendants Pishkur, Bailey, Butcher, and Carchadi under Title I of the ADA.  This statute prohibits a covered employer from discriminating against a qualified individual on the basis of disability in regard to, *inter alia*, the discharge of employees. See 42 U.S.C. §12112(a).  It is well-established in this circuit that individuals do not qualify as employers for purposes of the ADA. See Powell v. Morris, 184 F.R.D. 591, 596 (S.D. Ohio 1998)("There is no individual liability under the ADA").  Therefore, Dr. Hosseinipour fails to state a claim against these individual defendants.

To the extent Dr. Hosseinipour may be seeking relief against these defendants under Title VII of the Civil Rights Act, the result is the same. See Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997)(an individual employee/supervisor who does not otherwise qualify as an employer may not be held personally liable under Title VII). Title VII makes it unlawful for an employer "to discharge any individual ... because of such individual's ... national origin." 42 U.S.C. §2000e-2(a)(1). Because, however, defendants Pishkur, Bailey, Butcher, and Carchadi do not otherwise qualify as employers under Title VII, Dr. Hosseinipour fails to state a claim against them upon which relief can be granted.

The Complaint clearly does not name Forum Health, Youngstown Hospital Association, or Northside Medical Center as defendants. Further, because the individual defendants are not public officials, they cannot be sued in their "official capacity" so as to establish liability on the part of these other entities. See Wakefield v. Children's Hosp., 2008 WL 3833798 at *7 (S.D. Ohio Aug. 13, 2008). But even were Forum Health, YHA, and Northside Medical Center properly named as defendants in this action, it is apparent from the face of the Complaint that the termination of Dr. Hosseinipour from his residency program occurred several years before he filed his motion for leave to proceed *in forma pauperis*. As a prerequisite for suit under both the ADA and Title VII, an employee must file a charge with the EEOC within 300 days. Simmons v. Ohio Civil Service Employees Assn., 259 F.Supp.2d 677, 681 (S.D. Ohio 2003); see also Amini v. Oberlin College, 259 F.3d 493, 498 (6th Cir. 2001). After receiving a right to sue letter, the employee must then commence a civil action within 90 days. Id. In this case, Dr. Hosseinipour has not alleged that he filed a charge with the EEOC or received a right to sue letter or offered any reason to excuse his lengthy delay in asserting his ADA and Title VII claims. Accordingly, any such claims against Forum Health, YHA, or Northside Medical

4

Center should be dismissed due to Dr. Hosseinipour's failure to exhaust his administrative remedies. See Granderson v. University of Mich., 211 Fed. App'x 398, 400-01 (6th Cir. 2006).

Although in certain cases, an individual may be able to sue his private employer for an unlawful discharge under both Title VII and 42 U.S.C. §1981, the latter prohibits only discrimination based on race, not national origin. See El-Zabet v. Nissan North America, Inc., 211 Fed. App'x 460, 462 (6th Cir. 2006); Amini, 259 F.3d at 502 (6th Cir. 2001)(claims of national origin discrimination not cognizable under §1981)(citing Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987)). Because Dr. Hosseinipour alleges discrimination on the basis of his national origin, he cannot state a claim under §1981 against Forum Health, YHA, or Northside Medical Center, even if he had named one or more of these entities as defendants.

IV.

The Court will next turn to Mr. Hosseinipour's claims against the State Medical Board of Ohio. The Eleventh Amendment generally prohibits a State from being sued in federal court by one of its citizens. Hans v. Louisiana, 134 U.S. 1 (1890); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment applies to state agencies as well as the state. Hall v. Medical College of Ohio, 742 F.2d 299 (6th Cir. 1984). The state medical board is without question an agency of the State of Ohio, as opposed to a political subdivision. See Bouquett v. Clemmer, 626 F.Supp. 46, 48 (S.D. Ohio 1985)(citing Ohio Rev. Code §4731.01 *et seq.*). Because Mr. Hosseinipour is a citizen of Ohio, he cannot sue the State Medical Board of Ohio without its consent. See Begun v. Ohio State Medical Bd., 872 F.2d 1023 (table), 1989 WL 34047 (6th Cir. Mar. 29, 1989)(citing Papasan v. Allain, 478 U.S. 265, 276 (1986)). The State of Ohio has consented to be sued only in the Ohio Court of Claims. See Ohio Rev. Code Ann. §2743.02 (A)(1)(West 2009).

Courts have recognized two other exceptions to the Eleventh

Amendment bar besides consent: (1) when Congress has properly abrogated the States' immunity or (2) when the Ex parte Young doctrine is applicable. See Kovacevich v. Kent State Univ., 224 F.3d 806, 817 (6th Cir. 2000). Congress can abrogate Eleventh Amendment immunity only pursuant to a valid exercise of its power under Section 5 of the Fourteenth Amendment to enforce the substantive guarantees contained in §1 of that amendment. Id. Under the Ex parte Young exception, a federal court may enjoin a state official from interfering with federal rights. See S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96 n. 14 (1983)).

Dr. Hosseinipour alleges that the Ohio State Medical Board discriminated against him by holding a revocation hearing while he was suffering from HIV encephalopathy by not accepting more than 100 witnesses who were aware of his HIV status, and by twice failing to collect positive HIV tests. This claim would appear to fall under Title II of the ADA which forbids a public entity from excluding a qualified individual with a disability from participating in or benefitting from its services, programs, or activities by reason of such disability or otherwise subjecting such an individual to discrimination. See 42 U.S.C. §12132.

The United States Supreme Court has determined that Congress did not validly abrogate the states' Eleventh Amendment immunity when it enacted Title I of the ADA which prohibits discriminatory employment practices against qualified individuals with disabilities. Board of Trustees v. Garrett, 531 U.S. 356, 363 (2001). The Court, however, left open the question of whether Eleventh Amendment immunity was validly abrogated for purposes of Title II of the ADA. Id. at 360 n. 1. Following Garrett, the Court of Appeals for the Sixth Circuit held that a Title II claim is barred where the plaintiff's action relies on congressional enforcement of the Equal Protection Clause, but is not barred where the action relies on congressional enforcement of the Due

6

Process Clause.  <u>Popovich v. Cuyahoga County Court of Common Pleas</u>, 276 F.3d 808, 811 (6th Cir. 2002)(en banc).

Although Dr. Hosseinipour at times couches his claims in terms of class membership, e.g. disability discrimination, national origin discrimination, the Court cannot say that he is relying solely on congressional enforcement of the Equal Protection Clause.  His allegations concerning the conduct of his revocation hearing suggest reliance on a theory of denial of procedural due process.  Therefore, accepting the material allegations of the complaint as true and construing the complaint in the light most favorable to Dr. Hosseinipour, his Title II claim would not be barred by the Eleventh Amendment.   This analysis, however, does not end the inquiry as to whether Dr. Hosseinipour has stated a claim under Title II of the ADA upon which relief can be granted.  Such a claim is subject to a two-year statute of limitations for personal injury actions in Ohio. <u>Knapp v. City of Columbus</u>, 2002 WL 1578828 at *3 (S.D. Ohio Apr. 16, 2002), *aff'd in part and rev'd in part on other grounds*, 93 Fed. App'x 718 (6th Cir. 2004); <u>see</u> <u>also</u> <u>Lewis v. Fayette County Detention Ctr.</u>, 211 F.3d 1269 (table), 2000 WL 556132 at *2 (6th Cir. Apr. 28, 2000)(courts confronted with ADA claims have looked to the state's statute of limitations for personal injury actions).  Because Dr. Hosseinipour's medical license revocation hearing took place sometime in the late 1990's and he did not commence this action until December 30, 2008, his claim under Title II of the ADA is barred by the applicable statute of limitations.

Dr. Hosseinipour's only other discernible claim is that the state medical board conspired with Dr. Eisenberg to deport him and that their motivation for engaging in this alliance was national origin discrimination.  The Court construes this claim as arising under either 42 U.S.C. §§1983 or 1985(3).  In either case, the statute of limitations for civil rights claims brought in Ohio is two years.  <u>Browning v. Pendleton</u>, 869 F.2d 989, 992

(6th Cir. 1989)(en banc); Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996). The alleged acts occurred following Dr. Hosseinipour's termination from the residency program in the early to mid-1990's. Because Dr. Hosseinipour did not commence this action until 2008, his civil rights conspiracy claim is time-barred.

V.

Based on the foregoing reasons, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted. It is further recommended that if the Court adopts this Report and Recommendation, a copy of the Complaint, the Report and Recommendation, and the Dismissal Order be mailed to the defendants.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge