IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ahmad Hosseinipour, :

    Plaintiff, :

  v. : Case No. 2:08-cv-1205

State Medical Board : JUDGE MARBLEY
of Ohio, et. al.,
 :
    Defendants.

ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on April 16, 2009. Following an initial screening, the Magistrate Judge recommended that the complaint filed by Ahmad Hosseinipour, M.D. be dismissed pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim on which relief may be granted. A copy of the Report and Recommendation was mailed to Dr. Hosseinipour. The Magistrate Judge specifically advised Dr. Hosseinipour that he could file written objections to the Report and Recommendation within ten (10) days and that failure to object would result in a waiver of the right to de novo review by the district judge and the right to appeal any decision of the district court adopting the Report and Recommendation. Dr. Hosseinipour acknowledged receipt of the Report and Recommendation on April 24, 2009.

I.

When a magistrate judge issues a report and recommendation on a dispositive matter, a party desiring to object must "identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A general objection to a magistrate judge's report and recommendation does not satisfy this requirement. Id. The objecting party must clearly apprise the district court of those findings of the magistrate

that he or she believes were in error. Id. So long as a party is specifically informed of the consequences of failing to object, that party waives both review by the district court and subsequent appeal if he or she does not file a proper objection. Id.

## II.

After the issuance of the Report and Recommendation, but apparently prior to the date he received it, Dr. Hosseinipour filed a brief and motion for preliminary hearing on April 20, 2009 (#4). On April 27, 2009, Dr. Hosseinipour also filed a motion to submit certain documents (#6). Neither of these filings addresses the issues which led the Magistrate Judge to conclude that the complaint failed to state a claim on which relief could be granted. In fact, these filings do not reference the Report and Recommendation at all. Under the circumstances, it is difficult to conceive of either filing as even a general objection much less as an objection for which de novo review is required. See Fed.R.Civ.P. 72(b), 28 U.S.C. §636(b)(2)(B). Further, nothing in those filings contradicts the Magistrate Judge's conclusion that the claims in the complaint are barred by the applicable statute of limitations.

## III.

Based on the foregoing reasons, the Court adopts the Report and Recommendation (#3) in its entirety. This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2) for failing to state a claim on which relief may be granted. The Clerk shall mail a copy of this Order, the Report and Recommendation, and the complaint to each of the defendants. The motions for preliminary hearing (#4) and to submit documents (#6) are denied as moot.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge