# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **AHMAD HOSSEINIPOUR,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:08-cv-01205 |
| | : | |
| v. | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **STATE MEDICAL BOARD OF OHIO,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff Ahmad Hosseinipour's Motion for Reconsideration (ECF No. 19), in which he asks this Court to reconsider its decision denying his request for an attorney and to reopen this case. This case was originally dismissed for failure to state a claim on which relief can be granted on July 17, 2009. (*See* Order, ECF No. 7). That decision was then affirmed by the Sixth Circuit Court of Appeals. (*See* Order, ECF No. 11). On January 19, 2023, nearly 14 years after this case was closed (and during which time this case remained closed), Plaintiff filed a letter requesting counsel. (*See* Mot. to Appoint Counsel, ECF No. 17). That request was denied by this Court. (*See* Order, ECF No. 18). Hosseinipour now asks for reconsideration of that decision.

Hosseinipour does not specify a basis upon which he seeks reconsideration. The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, but such motions are typically construed in the Sixth Circuit as either a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983) (footnotes omitted). A Rule 59 motion must be filed within 28 days of the decision that the movant seeks to alter or amend. As

his request was made within 28 days of this Court's denial of his motion to appoint counsel, this Court considers his motion under the Rule 59 standard. *See* FED R. CIV. P. 59(b). District courts "may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Nothing in Hosseinipour's motion addresses any of these bases for granting a Rule 59 motion. Instead, he submits three requests. *First*, he writes that he was discriminated against when he had his medical license revoked (in the late 1990s), which "destroyed [his] livelihood." (*See* Mot. for Reconsideration at 1, ECF No. 19). But that claim was considered and dismissed by this Court over ten years ago and Hosseinipour provides no reasons, in the form of new evidence or an intervening change in controlling law, that compel this Court to reconsider its previous decision or to reopen the case for further proceedings. *Second*, Hosseinipour suggests that his attempts to seek justice in the state court system has been met with rejection at every turn—he has suffered adverse state court decisions, had his complaints to the Supreme Court of Ohio go unanswered, and his request for intervention from the state executive rejected. But the decisions of state courts, the Ohio Supreme Court, and the Ohio governor's office are not within the province of this Court's jurisdiction (except, of course, on habeas). That Hosseinipour has suffered adverse decisions and has been denied relief by the state courts is undoubtedly a heavy burden to bear, but not one that this Court can remedy either by appointing him counsel or reopening his federal case. And *third*, he asks this Court to send him the Sixth Circuit's March 2010 decision in this case, so that he may file an appeal with the United States Supreme Court. But, to seek review from the Supreme Court, a litigant must file a petition for a writ of certiorari

within 90 days from the date of the entry of the final judgment in a federal court of appeals—a deadline which expired 13 years ago in this case. *See* SUP. CT. R. 13.1.

In short, Hosseinipour provides no basis in this motion that justifies his request for reconsideration or for reopening—or for any other form of relief he has requested. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 19).

**IT IS SO ORDERED.**

/s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 8, 2023**